United States District Court
Middle District of Florida
Orlando Division

**JOHNSON KENNEDY III,**

 *Plaintiff,*

v.              **NO. 6:21-cv-348-GKS-PDB**

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

---

# Amended Report & Recommendation[1]

 Earlier in the case, the Court granted the Acting Commissioner of Social Security's unopposed motion to remand the case, reversed the denial of Johnson Kennedy III's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 25, 26, 27.

 Kennedy now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $402 in costs and $657.35 in attorney's fees. Doc. 28. The Acting Commissioner has no opposition. Doc. 28 at 3.

 The EAJA provides that "a judgment for costs, as enumerated in [28 U.S.C. § 1920] ... may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(a)(1).

---

[1] This amended report and recommendation adds an award of costs inadvertently omitted from the original report and recommendation.

Among the costs enumerated in § 1920 are "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1).

The EAJA further provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA award is to the party, not to her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) he timely requested the fees, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an

allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Kennedy*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Kennedy prevailed because the Court ordered a sentence-four remand. Doc. 26. His December 28, 2021, request, Doc. 28, is timely because he made it within 30 days of finality of the September 30, 2021, judgment, Doc. 27. He represents that his net worth did not exceed $2 million when he filed this case, Doc. 28 at 2, and nothing in the record suggests otherwise. His motion includes an assertion that the Acting Commissioner's position was not substantially justified, Doc. 28 at 2, 6–7, and the Acting Commissioner has not attempted to satisfy her burden of showing otherwise. The Acting Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Kennedy is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

Kennedy requests $402 for costs for the filing fee. Doc. 28 at 1. Awarding $402 for costs is warranted as a fee of the clerk, *see* 28 U.S.C. § 1920(1), and the amount Kennedy paid to file the case, *see* clerk's entry accompanying Doc. 1.

The EAJA provides that an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... [it] shall not be awarded in excess of $125 per hour unless the court determines

that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). An EAJA award is to the party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the cap, a court should use the cost-of-living increase when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *accord United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must establish reasonableness. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court "is itself an expert" on reasonable rates, may consider its own "knowledge and experience" about reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Kennedy is represented by Richard Culbertson, Esquire, and Sarah Jacobs, Esquire. Neither attorney provides an affidavit on experience or customary rate, but their experience and specialization in social-security matters is known in the legal community and reflected in their many appearances in social-security cases here. Records of The Florida Bar show Culbertson has been a member since 1991, and Jacobs has been a member since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Kennedy submits details of tasks performed for, and time spent on, the action in 2021. *See* Doc. 28 at 11–12. Kennedy requests an hourly rate of $212.05. Doc. 28 at 2, 7.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the undersigned's own knowledge and expertise, the market rate for services provided by lawyers of comparable skills, experience,

and reputation exceeds $125 an hour. On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to the time Culbertson and Jacobs completed work for Kennedy. *See* U.S. Dep't. of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited January 20, 2022).

Culbertson and Jacobs together spent 3.1 hours on the case. Culbertson worked 1 hour, and Jacobs worked 2.1 hours. Doc. 28 at 11–12. Their tasks included preparing the complaint and the EAJA motion. Doc. 28 at 11–12. None of the work appears clerical or secretarial, and none appears excludable as unnecessary. The number of hours is reasonable.

Using the number of hours and requested rate, attorney's fees of $657.35 are reasonable.

Leaving to the Acting Commissioner's discretion whether to accept Kennedy's assignment of EAJA fees, Doc. 28-1, after determining whether he owes a federal debt, is appropriate.

Because Kennedy is eligible, the costs are allowable, and the requested attorney's fees are reasonable, the undersigned recommends:

(1)  **granting** the motion for EAJA fees, Doc. 28;

(2)  **awarding** Johnson Kennedy III $657.35 in attorney's fees and $402 in costs; and

(3)   **directing** the Clerk to enter judgment in favor of Kennedy and against the Acting Commissioner for $657.35 in attorney's fees and $402 in costs.[2]

**Entered** in Jacksonville, Florida, on January 20, 2022.

_____
PATRICIA D. BARKSDALE
United States Magistrate Judge

c:   The Honorable G. Kendall Sharp
     Counsel of Record

---

[2] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive matter], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1. Here, amending the original report and recommendation re-starts the 14-day objection period. Thus, the parties may file any objection to this amended report and recommendation by February 3, 2022.

7